IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FLORENCE JEAN FISHER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1229-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Florence Jean Fisher, a Texas prisoner, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of injury to a child and sentenced to 99 years confinement. Her conviction and sentence were affirmed on direct appeal and upheld on state collateral review. *Fisher v. State*, No. 06-06-00132-CR, 2007 WL 1063005 (Tex. App.--Texarkana, Apr. 11, 2007, no pet.); *Ex parte Fisher*, No. 69,735-01 (Tex. Crim. App. Jun. 18, 2008). Petitioner then filed this action in federal district court. Process has been withheld pending a determination of her *in forma pauperis* status.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or

costs "by a person who submits an affidavit . . . that [she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted a certified copy of her inmate trust account statement which shows that she currently has $74.36 on deposit with prison officials. Over the past six months, $230.00 has been deposited into petitioner's inmate trust account. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

## RECOMMENDATION

The application to proceed *in forma pauperis* [Doc. #2] should be denied. Petitioner should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge. If she fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE