IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FLORENCE JEAN FISHER §
　§
　Petitioner, §
　§
VS. §
　§ NO. 3-08-CV-1229-L
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
　§
　Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Florence Jean Fisher, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged in separate indictments with: (1) causing serious bodily injury to her 12 year-old stepson by an intentional act; and (2) causing bodily injury to her four year-old stepson by omission. The cases were tried together, and a jury found petitioner guilty of both offenses. Punishment was assessed at 99 years confinement in the first case and 10 years confinement in the second case. Her convictions and sentences were affirmed on direct appeal. *Fisher v. State*, 220 S.W.3d 599 (Tex. App.--Texarkana 2007, no pet.); *Fisher v. State*, No. 06-06-00132-CR, 2007 WL 1063005 (Tex. App.--Texarkana, Apr. 11, 2007, no pet.). Petitioner also challenged her convictions on state collateral review. The Texas Court of Criminal Appeals denied post-conviction relief in each case without written order. *Ex parte Fisher*, WR-69,735-01 (Tex. Crim. App. Jun. 11, 2008);

*Ex parte Fisher*, WR-69,735-02 (Tex. Crim. App. Jun. 11, 2008). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) she received ineffective assistance of counsel; (2) the prosecution withheld exculpatory evidence; and (3) the state habeas court failed to conduct an evidentiary hearing.

A.

Petitioner generally alleges that her attorney failed to adequately investigate the case, did not present mitigating evidence or expert testimony, refused to let her testify, and failed to explain her appellate rights.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

In her federal writ, petitioner alleges that her attorney "failed to investigate the case adequately to get [a] firm command of facts, to weigh pros and cons of strategy or to challenge the state's charges amounting to no defense at all." (Hab. Pet. at 7, ¶ 20(A)). Petitioner further contends that counsel "did not present evidence or ensure expert services, and did not put on a mitigation case to point the jury to evidence in my favor." (*Id.*). Those conclusory allegations are the sum total of

petitioner's claim that defense counsel failed to adequately investigate the case and did not present mitigating evidence or expert testimony. Nowhere does petitioner explain how the investigation conducted by counsel was deficient or state what evidence would have been discovered through further investigation. Nor does petitioner specify the mitigating evidence that should have been presented at trial or identify any potential experts, much less proffer the substance of their missing testimony. Such conclusory assertions are insufficient to raise a constitutional issue that merits federal habeas relief. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1107 (1999).[1]

Petitioner also criticizes her attorney for not allowing her to testify at trial and for not protecting her appellate rights. Both claims are conclusively negated by the record. Before the defense rested its case, counsel questioned petitioner outside the presence of the jury about her right to testify:

> Q. [BY COUNSEL]: Mrs. Fisher, I came and I visited you last night for a good while, didn't I?
>
> A. [THE DEFENDANT]: Yes.
>
> Q. We talked about the proceedings of the case and how the evidence has developed and kind of what we thought about the case, correct?
>
> A. Yes, sir.
>
> Q. We discussed your right to testify or not to testify, correct?
>
> A. Yes, sir.

---

[1] In a rambling 34-page traverse to respondent's answer, petitioner attempts to elaborate on the claims alleged in her federal writ, including her claims that counsel failed to adequately investigate the case and did not present mitigating evidence or expert testimony. Because these facts were not presented to or considered by the state habeas court, they are unexhausted and procedurally barred from federal habeas review. *See Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (exhaustion requirement is not satisfied if petitioner presents new legal theories or factual claims in his federal writ).

> Q. After discussing whether you could or couldn't testify and I gave you overnight to think about it, as we are here this morning you're not--you don't want to testify, correct?
>
> A. Yes, sir.
>
> Q. Okay. And you understand that's your absolute right to testify?
>
> A. Yes.
>
> Q. Okay. No one can keep you from it. Do you understand that?
>
> A. Yes.
>
> Q. Okay. But if you did testify, you understand you'd be subject to cross examination by the State. They could ask you questions about any statements you've made previously and other things such as that. Do you understand that?
>
> A. Yes.
>
> * * * *
>
> Q. Okay. But we discussed your options. I told you whether I thought it would be a good idea for you to testify or not. Based on all the things we've discussed is it your decision that you're not going to testify?
>
> A. Yes.

(SF-XII at 4-5). In light of this exchange, "[t]here can be no serious suggestion . . . that [petitioner] was unaware of [her] right to testify[.]" *Hollenbeck v. Estelle*, 672 F.2d 451, 453 (5th Cir.), *cert. denied*, 103 S.Ct. 383 (1982).

Similarly, counsel not only advised petitioner of her appellate rights, but appealed both convictions. To the extent petitioner contends that counsel was ineffective for failing to consult with her about the issues to be raised on appeal, she has not identified what additional issues should have been presented or shown that the failure to raise those issues affected the outcome of her appeal. *See*

*Sims v. Dretke*, No. 3-01-CV-2204-H, 2004 WL 1856828 at *18 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 1960176 (N.D. Tex. Sept. 3, 2004), *COA denied*, No. 04-11192 (5th Cir. Apr. 5, 2006) (petitioner not entitled to habeas relief where he failed to show how consultation with appellate counsel would have resulted in a different outcome on appeal). These grounds for relief are without merit and should be overruled.

B.

Next, petitioner alleges that the prosecutor withheld exculpatory evidence. The prosecution has a duty to disclose all evidence favorable to the defendant in a criminal case. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). In order to establish a *Brady* violation, a habeas petitioner must prove that the evidence suppressed by the prosecutor was favorable to him and material to either guilt or punishment. *See Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993); *United States v. Jackson*, 978 F.2d 903, 912 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2429 (1993). Evidence is "material" only if there is a reasonable probability that the outcome of the trial would have been different had the exculpatory material been disclosed. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985); *Andrews v. Collins*, 21 F.3d 612, 626 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995).

Although petitioner generally alleges that the prosecutor failed to disclose evidence showing that she did not violate any criminal laws or intentionally injure either of her stepchildren, petitioner does not further elaborate on this claim. Her conclusory assertions are insufficient to establish a *Brady* violation. *See Hughes v. Johnson*, 191 F.3d 607, 629-30 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1003 (2000) (speculative and conclusory allegation that prosecutor withheld exculpatory evidence will not support claim for habeas relief).

C.

Finally, petitioner complains that she was denied an evidentiary hearing on her application for state post-conviction relief. The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 26, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE