IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FLORENCE JEAN FISHER**, § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:08-CV-1229-L** |
| § | |
| **NATHANIEL QUARTERMAN, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

# ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed November 26, 2008. Petitioner filed objections on December 15, 2008.

Petitioner Florence Jean Fisher ("Petitioner" or "Fisher") filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. She alleges three grounds: (1) ineffective assistance of counsel; (2) government withholding of exculpatory evidence; and (3) failure of the state habeas court to conduct an evidentiary hearing. The magistrate judge recommends denying the writ of habeas corpus.

With respect to Petitioner's ineffective assistance of counsel claim, the magistrate judge determined that her allegations are too conclusory, that she has failed to explain how her counsel's investigation was deficient or what her counsel would have discovered through additional investigation, what mitigating evidence should have been presented at trial, or what potential experts could have testified. The magistrate judge also determined that Petitioner was adequately informed of her right to testify. Finally, he found that counsel advised Petitioner of her appellate rights and appealed both convictions. The magistrate judge also determined that Petitioner's response to Respondent's answer, which elaborated on the claims raised in her writ, included claims that were

Order – Page 1

unexhausted because they were not presented to the state habeas court. Accordingly, the court is procedurally barred from reviewing these additional claims. In her objections to the magistrate judge's report, Petitioner again elaborates on her claims and does attempt to provide more specificity, but she fails to address the contention that because these claims were not raised before the state habeas court, this court is barred from reviewing them. While she contends that the footnote citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003), is "not applicable to this case," she fails to explain or show that these additional details were raised before the state court. Accordingly, the court **overrules** Petitioner's objections to the magistrate judge's finding that her first ground should be denied.

With respect to the second ground, the magistrate judge determined that Petitioner's allegations were conclusory and failed to establish a violation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Again, in her objections, Petitioner attempts to provide additional detail supporting her claim, but this additional information is unexhausted and the court cannot review it. Moreover, the court determines that the magistrate judge was correct and the conclusory allegations fail to establish any violation of *Brady*. The court **overrules** Petitioner's objections to the magistrate judge's finding that the second ground should be denied.

Finally, the magistrate judge determined that Petitioner's claims that the state habeas court denied her an evidentiary hearing must be denied because such a claim is not cognizable pursuant to 28 U.S.C. § 2254. To the extent that Petitioner objects to this portion of the report, the court determines that her objections have not established that the court can consider such a claim pursuant to section 2254 and therefore **overrules** her objections to this portion of the report.

Having reviewed the motion and file in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court **denies** Petitioner's writ of habeas corpus.

**It is so ordered** this 31st day of December, 2008.

Sam A. Lindsay
United States District Judge